**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BRYAN KEITH WATKINS** | ) |
| | ) |
| **v.** | )   3-09-CV-1499-P |
| | ) |
| **RICK THALER, Director,** | ) |
| **Texas Department of Criminal Justice** | ) |
| **Correctional Institutions Division** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type of Case**:  This is a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254.

**Parties**: The Petitioner is an inmate confined at the Stringfellow Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Rosharon, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of Case**: Upon his plea of not guilty to the offense of burglary of a habitation as charged in the indictment returned in No. F-04-73156-T, Watkins was tried by a jury which returned a verdict of guilty and thereafter, having found that he had been convicted of a previous felony offense, assessed his punishment at twenty years imprisonment.

He appealed his conviction and on May 16, 2006, the Fifth Court of Appeals at Dallas

affirmed his conviction in an unpublished opinion. The Texas Court of Criminal Appeals granted his petition for discretionary review on his *Batson* claim and subsequently affirmed his conviction. *See Watkins v. State*, 245 S.W.3d 444 (Tex.Crim.App. 2008). The United States Supreme Court denied his petition for writ of certiorari on October 6, 2008. *Watkins v. Texas,* ___ U.S. ___, 129 S.Ct. 92 (2008).

Watkins then filed an application for habeas corpus relief pursuant to art. 11.07, Texas, Code of Criminal Procedure, and on April 15, 2009, the Court of Criminal appeals denied the application. The present petition was filed in this court on August 12, 2009.

In response to the petition and this court's show cause order Respondent filed his answer together with copies of Watkins' prior state proceedings.

**Findings and Conclusions**: The claims asserted in Watkins' § 2254 petition are governed by the principles set out in the provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Of particular significance in analyzing his grounds for relief are the provisions of 28 U.S.C. § 2254(d)(1) and (2) which prohibit the granting of federal habeas corpus relief unless the judgment of a State court involved an unreasonable application of established Federal law or resulted in a decision based on an unreasonable determination of the facts. Additionally there is a presumption of correctness which applies to State court findings of fact absent "clear and convincing evidence" to the contrary.

In Petitioner's first ground for relief he claims that the prosecution exercised peremptory strikes to remove minority members of the jury panel in violation of the United States Supreme Court's decision in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712 (1986).

This claim was urged as a point of error in Watkins' direct appeal in the Texas judicial

2

system as well as in his petition for writ of certiorari in the United States Supreme Court. After the intermediate state appellate court issued its opinion rejecting his *Batson* claim and affirming his conviction, *see Watkins v. State,* No. 05-05-00568-CR, slip opinion issued on May 16, 2006, and following that court's denial of his motion for rehearing, he filed a petition for discretionary review, which the Texas Court of Criminal Appeals granted to address his *Batson* claim. The Court of Criminal Appeals also rejected this claim. However, as reflected in its opinion the court was extremely mindful of the Supreme Court's decision in *Miller-El v. Dretke* 545 U.S. 231, 125 S.Ct. 2317 (2005), a death penalty case involving a *Batson* claim, which was also prosecuted in Dallas County, Texas, albeit some 19 years prior to Watkins' trial and during the administration of a different elected district attorney.

Despite the impediments imposed by § 2254(d)(2) and the presumption that the State court's findings of fact are correct, in *Miller-El,* the Court examined the record and based upon five explicit factors, determined that the presumption of correctness had been rebutted by clear and convincing evidence and that the state court's determination of the facts was unreasonable. *Miller-El*, 545 U.S. at 240-264 and at 266. The Court's opinion observed "[T]hat at some points the significance of Miller-El's evidence is open to judgment calls, but when this evidence on the issues raised is viewed cumulatively its direction is too powerful to conclude anything but discrimination."

In its opinion holding that the intermediate appellate court did not err in finding that the trial judge's determination that the peremptory challenges exercised by the prosecution in removing two African-Americans from the jury panel, were not based upon the excluded members' race, the Court of Criminal Appeals examined the record in relation to four of the facts identified in the *Miller-El*

3

decision. *Watkins v. State, supra,* 245 S.W.3d at 449-454.[1] In addition, the court examined the circumstances under which the prosecution attempted to exercise a peremptory challenge to remove Latonya Jones, an African-American, from the jury panel. *Id.* at 454-455.

The issue - as framed in the Court of Criminal Appeals' opinion - was whether Watkins could show that the trial court's rejection of his *Batson* claim was clearly erroneous, citing *Gibson v. State,* 144 S.W.3d 530, 534 (Tex.Crim.App. 2004),[2] *Watkins* at 447-48.

The court first considered the trial court's finding that the prosecution's explanations for removing Pamela Berry and Leonardine Davis from the jury panel were race-neutral and held that the trial court did not clearly err in its determination. *Watkins* at 450-51. The court then found from the record that the "State used a disproportionate number of its peremptory challenges ... to exclude almost all of the African-American venire men from jury service in [his] case." *Id.* at 451-52. While this circumstance could support a finding that the State's explanations for striking the individuals "are a sham," the disproportionate exercise of the prosecution's peremptory challenges, standing alone, was found *not to be* sufficient to demonstrate that the trial court's determination was clearly erroneous. *Id.* The court next analyzed the questions which the prosecutors asked of individual venire persons and the entire jury panel. Again, although the Court of Criminal Appeals' opinion observed that one of the three questions addressed to African-American individual venire

---

[1]As pointed out in Respondent's answer, there is no evidence in the record suggesting that there was a jury shuffle in Petitioner's case or that any of the prosecutors was aware of the "Sparling Manual." *See Miller-El,* 545 U.S. at 264.

[2]*See also Gibson v. State*, 117 S.W.3d 567, 571 (Tex.App. - Corpus Christi, 2003) ("In an appeal involving a *Batson* challenge we apply a clearly erroneous standard of review. *Hill v. State,* 827 S.W.2d 860, 865-66 (Tex.Crim.App. 1992) ... whether the trial court's ruling was supported by the record and therefore not clearly erroneous. *Puckett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995)."

persons could support a finding that the prosecutor's racially neutral reasons for the challenges were pretextual, such was not enough to show that the trial court clearly erred in finding to the contrary. *Id.* at 452-53. Then the court reviewed the prosecution's explanation for using a peremptory challenge to remove Pamela Berry, to wit: that Ms. Berry would be unable to assess a life sentence unless she heard "the right facts" and found that the state had exercised peremptory challenges to remove to non-African-Americans who expressed similar reservations about imposing a life sentence in a burglary case and therefore concluded that this circumstance failed to demonstrate that the State's explanation was a pretext for racial discrimination. *Id.* at 453-54.

Although the trial court sustained Petitioner's *Batson* challenge to the State's use of a peremptory strike to remove Latonya Jones from the jury venire, in addressing this issue the Court of Criminal Appeals noted that the prosecution used peremptory challenges to remove non-minority members of the jury panel for the same reason - i.e. that the venire person had previously sat on a jury which acquitted a defendant - and noted that it was a common racially-neutral reason why prosecutors generally struck persons who previously served on acquitting juries.

Finally, Watkins argued that the court should have judicially noticed an article which appeared in the *Dallas Morning News*. This argument was addressed in detail by the Court of Criminal Appeals with the conclusion that under the circumstances and where the results of the newspaper's survey were not indisputable, there was no abuse of discretion by the intermediate appeals court in refusing to judicially notice the study's findings in analyzing his *Batson* claim. *Id.* at 455-56.

In the final portion of its opinion, the Court of Criminal Appeals reiterated examples in the record which arguably could support a conclusion that the explanations given by the prosecution for

5

exercising its peremptory challenges to remove African-Americans from the jury panels were pretextual, but it also noted that the record did not establish every relevant factor identified in *Miller-El* and that the record could also support a finding that the State's explanations for its strikes were race-neutral, and therefore, were not a pretext for prohibited racial discrimination. Because, in the final analysis, the trial judge's rulings had support in the record, the court rejected Petitioner's *Batson* challenge. *Id.* at 456-457.[3]

In *Miller-El v. Dretke, supra,* 545 U.S. at 240, the Court noted that the State court findings of fact were entitled to a presumption of correctness and that the AEDPA barred relief only if the Texas Court of Criminal Appeals' finding that the trial court's rejection of the *Batson* challenges was not "clearly erroneous" was itself "an unreasonable determination of facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Because Watkins has not satisfied this heavy and demanding burden, relief on his *Batson* claim should be denied.

In his second ground for relief Watkins contends that evidence of other crimes was erroneously admitted at his trial. He does not identify the substance of such evidence nor the witnesses through whom it was offered. In addressing this claim, first raised in his art. 11.07 application, the trial court found that "The issue of improperly admitted evidence should have been raised on appeal, and was not." *See* WR-71,754-01, at 66. On this finding and others the Court of Criminal Appeals denied his application. *Id.* at cover. "A federal habeas court 'will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural

---

[3]*See Snyder v. Louisiana,* 552 U.S. ____, 128 S.Ct. 1203, 1207-08 (2008) ("[A] trial court's ruling on the issue of discriminatory intent must be sustained unless it is clearly erroneous. *See Hernandez v. New York,* 500 U.S. 352, 369, 111 S.Ct. 1859 (1991)").

ground;." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (citing *Coleman v. Thompson,* 501 U.S. 722, 729-30, 111 S.Ct. 2546 (1991); *see also Brewer v. Quarterman,* 466 F.3d 344, 347 (5th Cir. 2006). Because Watkins did not present this claim as a point of error in his direct appeal and because the Texas courts found that consideration of the claim in his habeas application was procedurally barred, this court is precluded from considering the merits of this ground.

In his third and final ground for relief Watkins claims that his trial attorney failed to provide effective assistance of counsel. Specifically he claims that his attorney was deficient in failing to insure that the direct appeal record included (1) the juror cards of the jury panel; (2) a listing of the order in which the jury venire was seated; (3) the names of the petit jury; (4) a list of the venire persons challenged for cause; (5) the parties' strike lists,[4] and (6) the ethnicity of each member of the jury venire. In the context of Petitioner's direct appeal the intermediate appellate court observed the absence of evidence of the ethnic background of each member of the venire, the fact that the record did not include the jury cards of the panel members or the names of the members of the petit jury or the venire persons who were challenged for cause. *See* No. 05-05-00568-CR, opinion issued on May 16, 2006, at 3. The Court of Criminal Appeals also noted the absence of items from the record. *Watkins v. State, supra,* 245 S.W.3d at 451.[5]

An ineffective assistance of counsel claim is governed by the two-prong test set down in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). A petitioner must overcome a strong presumption that the conduct of his trial attorney's representation was competent and

---

[4]The record includes the strike lists. *See* App. No. 05-05-00568-CR [F-04-73156-T] Record, Vol. One at 80 and 81.

[5]The supplemental record did include the names of the jury members.

establish that the representation fell below an objective standard of reasonableness. *Strickland* at 687-88. A petitioner must further prove by a preponderance of the evidence that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. In Watkins' case he would have to show a reasonable probability that had the omitted document been included in the record on appeal that the Texas courts would have found that the trial court's finding that the State did not commit *Batson* violations was clearly erroneous. Failure to satisfy either prong precludes a finding of ineffective assistance.

Although each of the Texas appellate courts noted some gaps in the record, the Fifth Court of Appeals' opinion noted that it was uncontroverted that the State had struck all but one of the African-Americans on the panel. That court also concluded that "there [was] no evidence to show that counsel's failure to preserve a more detailed record of his *Batson* challenge was not based on sound professional judgment or that a *Batson* violation, if any, prejudiced [Petitioner's] trial." No. 05-05-00568-CR, opinion at 4.

In examining the *Batson* claim after having granted Watkins' petition for discretionary review, the Court of Criminal Appeals noted that notwithstanding explicit gaps in the record, it was able to address the element of disproportionate strikes. *Watkins v. State, supra,* 245 S.W.3d at 451. Watkins has failed to show how any documents, had they been included in the record, would have probably caused the Court of Criminal Appeals to find clear error on the part of the trial court in its rulings on Petitioner's *Batson* claims in the jury selection process. Because he cannot show "prejudice," relief on his ineffective assistance of counsel claim is without merit.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent..

Signed this 12th day of January, 2010.

```
                                    /s/ Wm. F. Sanderson, Jr.
                                    WM. F. SANDERSON, JR.
                                    UNITED STATES MAGISTRATE JUDGE
```

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).